UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE STARK COUNTY BOARD OF COMMISSIONERS, | ) ) ) | CASE NO. 5:14-CV-01691 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | ) ) ) | **ORDER AND DECISION** |
| Respondent. | ) | |

Pending before this Court is Petitioner's Motion for Remand to State Court. Doc. 8. For the following reasons, the motion is DENIED.

### I.  FACTS AND PROCEDURAL HISTORY

Petitioner Stark County Board of Commissioners ("the Commissioners") originally filed the instant action against Respondent Selective Insurance Company of South Carolina ("Selective") in the Stark County Court of Common Pleas. Doc. 1-1. After financial negotiations failed between the parties, the Commissioners filed a petition in state court pursuant to the appraisal clause of a Commercial Inland Marine insurance policy issued by Selective, which covered the board of elections facility, voting machines and related equipment against loss or damage.

The Commissioners specifically petitioned the state court to appoint a neutral umpire to appraise damaged voting machines and other property. Doc. 1-1. The petition also included a

1

request for declaratory judgment, which asked the court to declare that the appraisal must be limited to a statement of economic loss. Doc. 1-1 at ¶42.

On August 1, 2014, Selective filed its notice of removal to this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. Doc. 1. The Commissioners then moved to remand the case back to the Stark County Court of Common Pleas, contending that Selective could not prove that the amount in controversy was over this Court's jurisdictional threshold. Doc. 8. Selective opposed the motion, and the Commissioners timely replied.

## II. LEGAL ANALYSIS

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a); *Rogers v. Wal-Mart Stores, Inc.* 230 F.3d 868, 871 (6th Cir. 2000). Upon removal, a defendant bears the burden of proving diversity jurisdiction. *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

> Where the plaintiff is not required to state a specific amount of damages in the complaint, as in Ohio, the defendant must prove that it is more likely than not that plaintiff's claims meet the federal amount in controversy requirement. See *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993). The ability to make such proof is determined by whether the defendant could have ascertained from "a fair reading of the complaint or other papers filed" that the minimum jurisdictional amount existed. *McCraw v. Lyons*, 863 F.Supp. 434, 432 (W.D.Ky.1994).

*M.D. v. Advanced Medical Optics, Inc.* 2009 WL 1314754, at *1 (N.D. Ohio 2009); *see also* 28 U.S. C. §1446(c)(2)(B). When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir.2003).

Here, in its petition for removal, Selective stated that the amount in controversy was in excess of $75,000. Doc. 1 at ¶14. However, in their motion to remand, the Commissioners argue that Selective has not met its burden of proving the amount in controversy exceeds the jurisdictional threshold. Doc. 8-1. The Commissioners argue that the petition itself seeks the appointment of an umpire and a declaration of the rights and obligations of the parties under the policy. Because the petition seeks non-monetary relief, Selective's Notice of Removal provides insufficient evidence that the amount in controversy exceeds $75,000.

To decide the matter, this Court must determine the monetary value of the object of the litigation. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Thus, the Court looks to the Petition itself. In the first paragraph, the petition reads:

> 1. The monetary amount in controversy exceeds the jurisdictional amount of $15,000.00 exclusive of attorneys [sic] fees and costs.

Doc. 1-1 at ¶1. Here, the Commissioners established that the object of the litigation included a monetary component, which exceeded $15,000. As such, the Commissioners' argument that the object of the litigation is strictly injunctive relief and a declaratory judgment – with no monetary component – is undermined by the first paragraph of its own petition.

Next, this Court must determine whether the amount in controversy exceeds $75,000. Looking again at the original petition, there are various exhibits attached. Doc. 1-1. When reviewing a pleading, a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). These exhibits were also referenced and incorporated into the petition itself.

Exhibit 2 to the petition is a letter from Selective conveying a counter-off of $25,000 to settle the dispute. Doc. 1-1. This exhibit demonstrates that, while the parties were in settlement discussions, the parties believed the object of the litigation was tens of thousands of dollars. In

3

fact, Exhibit 2 indicates that the Commissioners, themselves, believed the claim for damage to the voting machines was "$509,137." Doc. 1-1 at 35. This belief is undisputed in the Commissioners' motion to remand and reply brief. The matter did not settle, but the letter demonstrates that, more likely than not, the Commissioners believed the value of the insurance claim was nearly half a million dollars at the time the petition was filed. Thus, the Court concludes by a preponderance of the evidence that the value of the object of the litigation exceeds $75,000.

### III.     CONCLUSION

The Court finds that Respondent Selective Insurance Company of South Carolina has met its burden of proof to establish all requirements securing federal jurisdiction under 28 U.S.C. §1332. The Court hereby DENIES Petitioner Stark County Board of Commissioners' motion to remand the case to state court.

IT IS SO ORDERED.


January 13, 2015                              /s/ *John R. Adams*_____
                                              JUDGE JOHN R. ADAMS
                                              UNITED STATES DISTRICT COURT